DECISION
Plaintiff appeals Defendant's Assessment Correction for property identified as Account 138073, dated December 21, 2009, for tax year 2009-10. Telephone oral argument was held on July 19, 2010. Cynthia E. Tichinin (Tichinin), Trustee, appeared on behalf of Plaintiff. Theresa Maul (Maul), Chief Appraiser, Deschutes County Assessment and Taxation appeared and testified on behalf of Defendant. David Lilley (Lilley), Deputy Tax Collector, Deschutes County, testified.
 I. STATEMENT OF FACTS
Tichinin testified that Plaintiff was not a bona fide purchaser as of the lien date for the 2009-10 tax year. She testified that on July 8, 2009, First American Title Insurance Company of Oregon issued to Plaintiff a "Buyer's Final Settlement Statement" (Statement). (Ptf s Ltr at 2, June 11, 2010.) On that Statement, the settlement date and disbursement date was listed as "07/08/2009." (Id.) The Statement reported that property taxes for tax year 2009-10 were prorated for the period July 1, 2009 to July 8, 2009, and Plaintiff received a "credit" from the seller. (Id.) *Page 2 
The parties agree that the owner/seller of the subject property signed a statutory warranty deed conveying the subject property to Plaintiff on July 1, 2009. The parties agree that the statutory warranty deed was recorded in Deschutes County on July 8, 2009.
On December 21, 2009, Defendant issued Plaintiff a notice entitled "Assessment Correction" (Notice). The Notice stated that it was issued "[i]n accordance with ORS 311.223." The Notice stated that Defendant was "correcting the taxable value of your property to reflect the buildable status of your land for the 2009-10 tax year. * * * As a result, the assessed values will change as described below:
Year of Real Market Value Taxable Assessed Value
Error Original Corrected Original Corrected
2009/10
Land 147,515 147,515
Buildings 276,090 276,090
Total 423,605 423,605 282,320 353,460"

Maul wrote to the court on May 12, 2010, stating that "the statute [ORS 311.223] quoted is incorrect. The correction was actually a clerical error correction and the statute for a clerical error is ORS 311.205." (Def's Ltr at 2, May 12, 2010.)
Tichinin wrote a response, dated May 18, 2010:
 "I understand that there was a clerical error made in the past and I agree with her [Maul's] calculation of the property tax increase. However, according to the records of American Title Insurance Company, our settlement date was July 8, 2009. Since this is later than July 1, 2009, are we responsible for the increase in this tax year or not until next year?" (Ptf's Ltr at 1, May 18, 2010.)
 On June 1, 2010, Maul responded to Tichinin's question. Maul wrote that:
 "[t]axes become a lien on July 1 of the tax year[.] (ORS 311.405) * * * The taxpayer purchased the property on July 1st
by virtue of the fact that the seller signed the deed on July 1st * * *. This deed clearly states that the conveyance was subject to `2. The 2009-2010 Taxes, a lien not yet payable'. The transaction was not `perfected' until the recording date of July 8th. But the recording (perfection) date is not the sale date; the signature date is." (Def's Ltr at 1, June 1, 2010.) *Page 3 
 Tichinin, in her letter dated June 11, 2010, wrote:
 "Escrow was not funded, the funds were not withdrawn from our account, until July 8th. We had neither access to nor use of the property until then. Consequently, I do not believe that we should be responsible for the property tax increase until the tax year of 2010-11." (Ptf's Ltr at 1, June 11, 2010.)
 II. ANALYSIS
Additional taxes resulting from the correction of an error or omission are added to the tax roll as directed in ORS 311.206(1)(a)[1], [2] which provides in pertinent part that:
 "when the roll is corrected under ORS 311.205, and taxes are added to the roll, the additional taxes shall be added to the tax extended against the property on the general property tax roll for the tax year following the current tax year, to be collected and distributed in the same manner as other ad valorem property taxes imposed on the property." (Emphasis added.)
"In interpreting a statute, the court's task is to discern the intent of the legislature."PGE v. Bureau of Labor and Industries
(PGE),317 Or 606, 610, 859 P2d 1143 (1993) (citations omitted). The legislative intent is to be determined first from the text and context of the statute.PGE, 317 Or at 610-11; State v. Gaines,346 Or 160, 171, 206 P3d 1042 (2009). "In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder `not to insert what has been omitted, or to omit what has been inserted.'" PGE,317 Or at 611, citing ORS 174.010. Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning."PGE, 317 Or at 611. "Shall" is a command: it is "used in laws, regulations, or directives to express what is mandatory." Preble v. Departmentof Revenue,331 OR 320, 324 (2000) (citation omitted). *Page 4 
Defendant's notice, dated December 21, 2009, stated that the "year of error" was "2009/10" which was also the current tax year. ORS 311.206(1)(a) directs that "the additional taxes shall be added to the tax extended against the property on the general property tax roll for the tax year following the current tax year[.]" The additional taxes in this case shall be added to the taxes "extended against the property" on the 2010-11 tax year "general property tax roll" because 2010-11 is the "tax year following the current tax year." ORS 311.206(1)(a). Defendant incorrectly added the additional tax to the wrong tax year.
Defendant's Notice was dated December 21, 2009. ORS 311.208 states that when notice increases the current roll value, the notice "shall: (a) Be mailed prior to December 1 to the last-known address of the person" identified as the "property owner of record or other person claiming to own the property or occupying the property or in possession of the property[.]" There is no evidence that Defendant's letter, which was dated December 21, 2009, was "mailed prior to December 1." ORS 311.208. Defendant's notice failed to meet the statutory notice requirement.
 III. CONCLUSION
After careful review of the evidence presented, the court concludes that, after Defendant determined that its proposed correction was a clerical error, it incorrectly added the additional tax to Plaintiff's property in the wrong tax year and failed to meet the statutory notice requirement that the notice be mailed prior to December 1. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that Defendant's Notice, dated December 21, 2009, incorrectly added the additional taxes resulting from a correction of a clerical error in the wrong tax year and failed to meet the statutory notice requirements.
Dated this ___ day of October 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on October 11, 2010. The Court filed and entered thisdocument on October 11, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to the 2007 year.
[2] An exception is provided in ORS 311.206(1)(a) that is not applicable to the matter before the court.